# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No. 97-40265

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EARL MANKINS, JR.,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas

---

February 18, 1998

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

James Earl Mankins, Jr. appeals his sentence for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). For the reasons assigned, we affirm.

## BACKGROUND

While under surveillance by the Drug Enforcement Administration, a confidential source purchased methamphetamine from Mankins on three occasions in February 1996. Laboratory analysis disclosed that Mankins delivered 26.6 grams of amphetamine on the first occasion, 10.3 grams of D-methamphetamine on the second occasion, and 27.9 grams of D-methamphetamine on the third occasion. In May 1996,

the DEA initiated surveillance of Mankins and his co-conspirator, Deborah Hicks. After observing what appeared to be a drug transaction, drug enforcement agents, with the assistance of the local police, intercepted and arrested Mankins and Hicks. A search of their vehicle and residence revealed cash, syringes, zip-lock bags, scales, and 55.5 grams of D-methamphetamine among other substances.

An indictment was returned charging Mankins and Hicks with one count of conspiracy to possess with intent to distribute more than ten grams of methamphetamine and four counts of possession with intent to distribute and the distribution of more than ten grams of methamphetamine. The government filed a notice of its intent to seek a sentence enhancement based on Mankins' previous conviction for using a communication facility to commit or facilitate acts constituting a felony under the federal drug laws in violation of 21 U.S.C. § 843(b). Under a written plea agreement, Mankins pled guilty to the conspiracy charge and stipulated to possessing 93.7 grams of methamphetamine mixture or 9.88 grams of actual methamphetamine. The government reserved its right to establish that Mankins possessed a total of 100 grams of methamphetamine mixture or 10 grams of actual methamphetamine for sentencing, as well as to seek the enhancement earlier noted.

After the Presentence Investigation Report was completed, Mankins objected to the quantity of methamphetamine involved, the suggested enhancement for a prior felony conviction, and an enhancement for being an organizer of the criminal activity. At sentencing the government presented exhibits and Hicks' testimony to establish that in addition to the stipulated 93.7 grams, Mankins obtained additional quantities of

methamphetamine from a supplier in Sulphur Springs on at least three occasions. Based on this evidence, the district court found that Mankins possessed a total of 100 grams of methamphetamine mixture, invoking the sentencing provisions set forth in 21 U.S.C. § 841(b)(1)(B)(viii). The district court also found that Mankins was an organizer under U.S.S.G. § 3B1.1 and that his prior conviction constituted a felony drug offense, warranting a sentence enhancement. Accordingly, the district court sentenced Mankins under § 841(b)(1)(B)(viii) to 120 months in prison and eight years supervised release.[1] No fine was imposed. Mankins timely appealed, contending that the district court erred in: (1) finding that he possessed 100 grams of methamphetamine mixture; (2) determining that his prior conviction for "telephone facilitation" is a felony drug offense for enhancement purposes; and (3) finding that he was an organizer under U.S.S.G. § 3B1.1(c).

## ANALYSIS

Title 21, United States Code section 841(b)(1)(B)(viii) establishes statutory sentencing provisions if a defendant possesses 100 grams or more of a mixture containing methamphetamine. Mankins contends that the evidence is insufficient to show that he possessed 100 grams of methamphetamine mixture. This contention overlooks the rubric that a defendant participating in a drug conspiracy is accountable for the foreseeable quantity of drugs attributable to the conspiracy.[2] This quantitative

---

[1] Under the Guidelines, Mankins had a total offense level of 25 and a criminal history category of II, resulting in a guidelines range of 63 to 78 months. With a prior conviction for a felony drug offense under § 841(b)(1)(B)(viii), the statutory mandatory minimum term of imprisonment is ten years and the maximum term is life.

[2] **United States v. Mitchell**, 31 F.3d 271 (5th Cir. 1994).

3

computation at sentencing is a factual finding, to be established by a preponderance of the evidence, which will be upheld on appeal unless clearly erroneous.[3]

Mankins stipulated that he possessed 93.7 grams of methamphetamine mixture based on the 38.2 grams of D-methamphetamine delivered to the confidential source in February 1996 and the 55.5 grams of D-methamphetamine found after his arrest. The district court relied primarily on Hicks' testimony at the sentencing hearing to find that Mankins possessed a minimum of 6.3 additional grams for a total of 100 grams of methamphetamine mixture. Mankins contends, however, that the quantity of drugs about which Hicks testified is included in the stipulated 93.7 grams, and that her testimony is based on subjective beliefs and is unreliable.

Hicks testified that Mankins traveled with her on three or four occasions to Sulphur Springs where, on each trip, she purchased approximately one or two ounces (28 to 56 grams) of good quality methamphetamine. Hicks stated that she would give Mankins an eighth of an ounce each trip for accompanying her. She also testified that she believed Mankins was selling the methamphetamine he obtained from her as well as from others, because he was selling more than she gave him. Giving due consideration to this evidence, we cannot say that the district court's finding of drug quantity is clearly erroneous. The statutory sentencing provisions of § 841(b)(1)(B)(viii) were applicable herein.

Under § 841(b)(1)(B)(viii), the mandatory term of imprisonment increases if the

---

[3] **United States v. Dickey**, 102 F.3d 157 (5th Cir. 1996).

defendant has a prior conviction for a felony drug offense.[4] Mankins maintains that the district court erred in determining that the enhancement applies because his prior conviction for violating 21 U.S.C. § 843(b) does not constitute a felony drug offense.[5] This presents an issue of first impression for us. As a question of law, we review the district court's determination *de novo*.[6]

A felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances."[7] Section 843(b) provides:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this [control and enforcement] subchapter or [the import and export] subchapter ... of this [drug abuse and prevention] chapter.

Mankins contends that his conviction for violating § 843(b) is not a "drug offense" because guilt of the underlying act is not an element of proof for facilitation under § 843(b), and he did not plead to such.[8] Mankins misconstrues, however, the required

---

[4] The sentencing range increases from a minimum of 5 years and a maximum of 40 years to a minimum of 10 years and a maximum of life imprisonment.

[5] Mankins does not dispute that his prior conviction under § 843(b) is final or that it is a felony for purposes of the enhancement.

[6] **United States v. Sandle**, 123 F.3d 809 (5th Cir. 1997).

[7] 21 U.S.C. § 802(44). This statutory definition has remained essentially consistent since its inception in 1984. **See Sandle**, 123 F.3d at 811 fn.2.

[8] **United States v. Domino**, 62 F.3d 716 (5th Cir. 1995); **United States v. Martinez**, 950 F.2d 222 (5th Cir. 1991).

proof of the underlying offense and, thus, the nature of a § 843(b) violation.

A conviction under § 843(b) requires proof that a defendant (1) knowingly or intentionally (2) used a communications facility (3) to facilitate the commission of a *drug offense*.[9] This third element requires proof of the underlying drug offense that the defendant is accused of facilitating, even though it is not separately charged.[10] The statute therefore requires that in the course of using a communications facility the defendant must either commit an independent drug crime, or cause or facilitate such a crime.[11] As an element of the offense, the statute can clearly be viewed as prohibiting these drug related acts. Section 843(b) thus falls within the definition of a "felony drug offense" in that it "prohibits or restricts conduct relating to [unlawful controlled substances]."[12] Accordingly, we find and conclude that the district court did not err by construing Mankins' prior conviction for violating § 843(b) as a felony drug offense in order to enhance his sentence.[13]

Having concluded that the district court correctly sentenced Mankins under the enhanced statutory imprisonment range, we need not consider Mankins' challenge to the U.S.S.G. § 3B1.1(c) enhancement. Even with this enhancement the resulting guidelines range is below the statutory mandatory minimum term of imprisonment,

---

[9] **Id.**

[10] **United States v. Rey**, 641 F.2d 222 (5th Cir. 1981).

[11] **See United States v. Vea-Gonzales**, 999 F.2d 1326 (9th Cir. 1993).

[12] 21 U.S.C. § 802(44).

[13] **See** 21 U.S.C. § 841(b)(1)(B)(viii).

6

making this issue moot.

The judgment appealed is AFFIRMED.