IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60246
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THOMAS SHERMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:98-CR-90-ALL-D-B
--------------------
January 20, 2000

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Defendant-Appellant Thomas Sherman ("Sherman") was sentenced

to the mandatory minimum sentence of 120 months imprisonment

following a guilty-plea conviction for manufacturing

methamphetamine in violation of 21 U.S.C. § 841.  Sherman raises

a number of points of error regarding his sentence.  We address

his contention that he was not a "leader or organizer" first, as

it is dispositive.  If Sherman was a "leader or organizer," the

district court may not depart from the statutory minimum

sentence, regardless of the sentence suggested by the guidelines.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See United States v. Mankins, 135 F.3d 946, 950 (5th Cir. 1998); U.S.S.G. § 5C1.2. None of Sherman's other objections to the sentence imposed serves to render the statutory minimum sentence inapplicable.

We review the district court's determination that a defendant is a leader or organizer for clear error. See United States v. Ronning, 47 F.3d 710, 711 (5th Cir. 1995). The court may consider any relevant evidence without regard to its admissibility under evidentiary rules if it possesses sufficient indicia of reliability. U.S.S.G. § 6A1.3(a). A presentence report ("PSR") "generally bears sufficient indicia of reliability" and may be considered as evidence by a trial judge in making factual determinations required by the guidelines. United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1992).

The PSR and the testimony of Robert Jordan, one of Sherman's accomplices, support the district court's finding that Sherman was in a leadership position with respect to the methamphetamine operation. The district court apparently chose to believe Jordan's testimony regarding Sherman's role and we accord deference to that credibility determination. See United States v. Powers, 168 F.3d 741, 752-53 (5th Cir.), *cert. denied*, -- U.S. --, 120 S.Ct. 360 (1999). As this determination renders Sherman's other objections moot, we decline to address them. See Mankins, 135 F.3d at 950.

AFFIRMED.