United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50722
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMERO RODRIGUEZ, JR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-683-2-WWJ
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Homero Rodriguez, Jr., ("Rodriguez"), appeals the sentence imposed by the district court following his guilty plea conviction for conspiracy to possess with intent to distribute more than 50 kilograms of marijuana. Rodriguez argues that the district court erred by not determining the net weight of the marijuana attributed to him. For the first time on appeal, Rodriguez argues that the district court erred by not granting him a downward departure from his sentencing guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government asserts that Rodriguez's appeal is barred by the appeal waiver set forth in Rodriguez's plea agreement.

Because Rodriguez's appeal waiver was not mentioned during his rearraignment by either the magistrate judge or the Government, FED. R. CIV. P. 11(b)(1)(N) was not satisfied and the waiver cannot be held to have been knowing and voluntary.  See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).  Accordingly, we can entertain the merits of Rodriguez's appeal.

Rodriguez's argument that the district court did not determine the net weight of the marijuana attributed to him is refuted by the record.  Furthermore, because Rodriguez was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, the district court correctly determined that the weight of the marijuana attributed to Rodriguez did not affect his sentence and his argument is moot.  See United States v. Mankins, 135 F.3d 946, 950 (5th Cir. 1998).  Because the record does not indicate that the district court erroneously believed that it lacked the authority to make a downward departure, we lack jurisdiction to consider Rodriguez's downward departure argument.  See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).  Accordingly, we AFFIRM Rodriguez's sentence and DISMISS his appeal to the extent that he argues that the district court should have made a downward departure.

AFFIRMED IN PART, DISMISSED IN PART.