United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20100
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EDWARD DUNN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-739-ALL
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Michael Edward Dunn appeals his jury conviction and sentence for possession of a firearm by a convicted felon and making false statements to licensed firearm dealers in violation of 18 U.S.C. §§ 922(a)(6), 922(g)(1) and 924(a)(2). For the reasons set forth below, we affirm Dunn's conviction, vacate his sentence, and remand for resentencing.

Dunn contends that the district court erred when it denied his motion to suppress the weapons seized during a search of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

residence conducted on October 25, 1999, because the seizure exceeded the scope of the warrant. Dunn did not raise this issue in his pre-trial motion to suppress, and explicitly limited his motion to an attack on the sufficiency of the affidavits at his suppression hearing. This issue is waived. See United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001) ("We recognize that FED. R. CRIM. P. 12(b)(3) requires that parties move to suppress before trial or risk waiver of such claim."); United States v. Chavez-Valencia, 116 F.3d 127, 129 (5th Cir. 1997) (failure to raise a suppression issue at trial forecloses a defendant from raising the issue for the first time on appeal).

Dunn also contends that the evidence at trial was not sufficient to establish that he had a felony conviction as defined by 18 U.S.C. § 921(a)(20) because the Government failed to prove beyond a reasonable doubt that his civil rights, including his right to possess firearms, had not been restored. As an element of its 18 U.S.C. § 922(g)(1) charge, the Government must prove that Dunn was a convicted felon. See United States v. Fields, 72 F.3d 1200, 1211 (5th Cir. 1996). We have found that "[t]he question whether a felony conviction may serve as a predicate offense for a prosecution for being a felon in possession of a firearm pursuant to [18 U.S.C.] § 922(g)(1) is a purely legal one." United States v. Daugherty, 264 F.3d 513, 514 (5th Cir. 2001). In addition, the defendant bears the burden of proving that his conviction has been expunged or set aside, or that he has been pardoned or had his

civil rights restored. See United States v. Huff, 370 F.3d 454, 458-59 (5th Cir. 2004). Dunn stipulated to his status as a convicted felon, and this stipulation was introduced as evidence at trial. Accordingly, the Government produced sufficient evidence for a reasonable jury to find that Dunn had been convicted of a felony. See United States v. Shelton, 325 F.3d 553, 564 (5th Cir. 2003) (stipulated evidence sufficient to prove interstate commerce element of unlawful possession of weapon charge); United States v. Mankins, 135 F.3d 946, 948-49 (5th Cir. 1998) (stipulation sufficient to prove possession of drugs).

Dunn also contends that the district court plainly erred in failing to instruct the jury as to the correct definition of a "conviction," thereby depriving him of his Sixth Amendment right to a trial by jury. Because Dunn did not request a jury instruction on the definition of a conviction, and did not object to the district court's failure to give such an instruction, a plain error analysis applies. See United States v. Daniels, 281 F.3d 168, 184 (5th Cir. 2002). "We find plain error only if: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002). As noted above, whether Dunn's prior convictions constituted "convictions" pursuant to 18 U.S.C. § 921(a)(20) is a purely legal question to be decided by the district court. In addition, Dunn carried the burden of proving that his civil rights had been restored. As there was no

evidence presented at trial that Dunn's civil rights, including his right to possess firearms, had been restored, Dunn cannot show that the district court committed plain error in constructing the jury charge.

Dunn has not demonstrated any reversible error in connection with his conviction, and his conviction is AFFIRMED.

Regarding the sentence imposed, Dunn contends that the district court committed reversible plain error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Because Dunn did not object on this basis in the district court, this court's review is for plain error. See United States v. Valenzuela-Quevedo, ___ F.3d ___, No. 03-41754, 2005 WL 941353, at *3 (5th Cir. Apr. 25, 2005).

The district court plainly erred when it sentenced Dunn pursuant to the mandatory Guidelines system held unconstitutional in Booker. See Valenzuela-Quevedo, 2005 WL 941353, at *4. The error affected his substantial rights because it appears from the district court's comments at sentencing that it would have imposed a lesser sentence under an advisory guidelines scheme. See, e.g., United States v. Pennell, ___ F.3d ___, No. 03-50926, 2005 WL 1030123 at *5 (5th Cir. May 4, 2005). Because the error likely increased his sentence, Dunn has shown that the error seriously affected the fairness, integrity, or public reputation of the

judicial proceedings.  See id. at *5-6.  Accordingly, Dunn's sentence is VACATED, and the case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.