**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-51103

United States of America
                        Plaintiff-Appellee,

versus

Luis Carlos Talavera-Rosas
                        Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

( 3:04-CR-1075-ALL )

Before REAVLEY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Carlos Talavera-Rosas pled guilty to an indictment charging that he illegally re-entered the United States after having been deported in violation of 8 U.S.C. § 1326. Prior to the entry of Talavera's guilty plea, the government filed a notice of intent to seek increased penalties under § 1326(b)(2), which provides for an increased penalty when removal was "subsequent to a conviction for commission of an aggravated

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony."[1]  The indictment did not allege a prior conviction, and Talavera objected, citing *Apprendi v. New Jersey*,[2] to any sentence in excess of the maximum set out in § 1326(a), which the district court overruled.

At sentencing, Talavera argued that the prior conviction was almost 14-years old and that it was his only drug trafficking conviction.  As the sentencing judge's statements regarding Talavera's sentence are highly relevant in this case, they are provided in full:

> [Y]ou know, I was looking at the age of the convictions and they are pretty old, but under the law they are still available for the reasons that they are being used in this case, and I think your lawyer pointed out every possible reason that this Court should consider going toward the bottom of the Guidelines, and certainly every one of them is a valid consideration.  You sometimes wonder if you can ever escape your past and, I guess, the United States Congress believes that under some circumstances, I guess, you can't.  Eventually [the convictions] would be old enough where they could not be scored, but the law is very, very strict.  You now know that there are stiff consequences to returning in light of the history that you have, and maybe one of these days they will change and they will make a little bit more sense, but right now you need to always assume that they are not going to change for the better just because you want to protect against the very worst that might possibly occur.

The judge imposed a sentence of 57 months, with a three-year term of supervised release, the lowest possible sentence under the

---

[1] 8 U.S.C. § 1326(b)(2).

[2] 530 U.S. 466 (2000).

2

Guidelines. Talavera timely filed a notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Talavera now argues that the district court erred when, in light of *United States v. Booker*,[3] it sentenced him under a mandatory application of the United States Sentencing Guidelines.[4] Talavera concedes that he is raising *Booker* error for the first time on appeal; thus, his claim is reviewed for plain error.[5] Likewise, the government concedes that the first two elements of plain error are satisfied in this case: the district court plainly erred in sentencing Talavera under the mandatory guidelines.[6] The issue for decision is whether Talavera can demonstrate that his substantial rights were affected by the court's error.[7]

---

[3]125 S. Ct. 738 (2005).

[4]To preserve the issue for Supreme Court review, Mendoza also challenges the constitutionality of § 1326, but he correctly concedes that this argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See, e.g.*, *United States v. Alfraro*, 408 F.3d 204, 210-11 (5th Cir. 2005), *cert. denied* (Oct. 3, 2005) (No. 05-5604).

[5]*See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Under plain error review, this Court has "a limited power to correct errors that were forfeited because [they were] not timely raised in the district court." *United States v. Olano*, 507 U.S. 725, 731 (1993). We may not correct an error that the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Mares*, 402 F.3d at 520 (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

[6]*Mares*, 402 F.3d at 520-21 (finding that a sentence imposed under the mandatory Sentencing Guidelines is plain error).

[7]To make such a showing, Talavera "bears the burden of demonstrating a probality sufficient to undermine confidence in the outcome." *United States v. Bringier*, 405 F.3d 310, 317 (5th Cir. 2005). Specifically, the question is whether Talavera can demonstrate "that the sentencing judge would have reached a different result had it sentenced [him] under an advisory scheme rather than a mandatory one." *Id.*

In *United States v. Rodriguez-Gutierrez*, we summarized existing case law and found two primary considerations for determining whether a district court's *Booker* error affected a defendant's substantial rights. First, we consider whether the judge made any statements during sentencing indicating that had the Guidelines been merely advisory, the defendant would have received a lower sentence.[8] Second, we consider the relationship between the sentence imposed and the applicable Guidelines range, noting that "sentences falling at the absolute minimum of the Guidelines provide the strongest support for the argument that the judge would have imposed a lesser sentence."[9]

Here, both factors point toward a conclusion that Talavera's substantial rights were affected. During sentencing, the judge stated, when considering Talavera's prior conviction, that "the law is very, very strict" and that the "United States Congress" believes that you "cannot escape your past." In addition, the judge expressed hope that the "stiff consequences" of returning to the United States would one day "change" and "make a little bit more sense." The judge also remarked that each reason provided by Talavera's counsel for a lower sentence was a "valid consideration." Finally, the judge sentenced Talavera at the bottom of the applicable range (here, 57 months). Thus, we

---

[8]*United States v. Rodriguez-Gutierrez*, ___ F.3d ___, 2005 WL 2447908, *1-2 (5th Cir. Oct. 5, 2005).

[9]*Id.* at *2-3.

conclude that Talavera has shown that the district court's *Booker* error affected his substantial rights.

Accordingly, exercising our discretion under plain-error review,[10] we REMAND to the district court to allow the district court to resentence Talavera if, in its discretion under the now-advisory Guidelines, it chooses to do so.

---

[10] "If all three conditions [of plain error] are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Mares*, 402 F.3d at 520 (citing *Cotton*, 525 U.S. at 631); *see also United States v. Dunn*, No. 04-20100, 2005 WL 1847210, *2 (5th Cir. Aug. 3, 2005) ("Because the error likely increased his sentence, Dunn has shown that the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.").