**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60103
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JERRY WAYNE RAMEY

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:07-CR-8-1

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerry Wayne Ramey appeals the 240-month sentence imposed following his conviction for possession of child pornography. *See* 18 U.S.C. § 2252(a)(4)(B). Ramey argues that the district court erred in relying on his 2006 federal Northern District of Alabama conviction (Alabama conviction) to place him in criminal history category II. He further argues that his sentence is unreasonable because the Sentencing Guidelines called for a range below the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

10-year statutory minimum sentence and because the district court considered his Alabama conviction in imposing an upward variance from the Guidelines.

Pursuant to *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007), this court must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct and whether the sentence imposed is substantively reasonable. We review sentences both "inside [and] outside the Guideline range" for abuse of discretion. *Id.* at 597.

We need not decide whether the district court erred in including three criminal history points for Ramey's prior Alabama sentence because any error was harmless. Ramey argues that but for the inclusion of the three criminal history points, he would have had a criminal history category of I, rather than II, and a guidelines range of imprisonment of 63 to 78 months rather than 70 to 87 months. Ramey conceded in the district court, and he concedes on appeal, that the mandatory minimum sentence under § 2252(b)(2) was 10 years of imprisonment. *See* § 5G1.1(b). Because any error in calculating the criminal history was harmless, Ramey's challenge to the criminal history calculation is unavailing. *See United States v. Posada-Rios*, 158 F.3d 832, 881 (5th Cir. 1998); *see also United States v. Mankins*, 135 F.3d 946, 950 (5th Cir. 1998).

The sentence imposed by the court was a "'non-Guideline sentence'" or "'variance'" from the applicable guidelines range. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The record reflects that the district court properly considered the 18 U.S.C. § 3553(a) factors, the arguments of counsel, letters submitted in support of Ramey, and the advisory Guidelines, but the district court ultimately accepted the Government's recommendation that Ramey receive a 20-year sentence, the statutory maximum. As Ramey argues, the district court's comments reflect that it did consider the Alabama offense as a factor in imposing the upward variance. The district court was not precluded, however, from imposing a departure or variance based on factors that the Guidelines had already taken it into account. *See Brantley*, 537 F.3d at 350;

2

*United States v. Williams*, 517 F.3d 801, 810-11 & n.55 (5th Cir. 2008). The district court's variance from the sentencing guidelines range was not an abuse of discretion. *See Gall*, 128 S. Ct. at 597.

AFFIRMED.