**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-30176
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TONY JONES, also known as Boochie

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-269-4

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Tony Jones appeals the total 240-month sentence imposed following his guilty plea conviction for conspiring to distribute 50 grams or more of cocaine base and a quantity of cocaine hydrochloride and conspiring, during and in relation to a drug trafficking crime, to use, carry, and possess firearms in furtherance of the drug trafficking crime. Jones argues that the district court erred by treating his 2003 state felony drug conviction as a "prior conviction" for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purposes of enhancing his sentence pursuant to 21 U.S.C. § 841(b)(1)(A). He argues that because he was convicted of the state felony drug offense during the time period of the conspiracy alleged in the federal indictment, the state felony drug conviction could not have been a "prior conviction" for purposes of § 841(b)(1)(A).

The issue is a question of law ordinarily subject to de novo review. *See United States v. Mankins*, 135 F.3d 946, 949 (5th Cir. 1998). The Government argues that review should be limited to plain error. We need not decide the question of the appropriate standard of review because the district court did not err.

The mandatory minimum term of imprisonment for § 841(a) offenses increases to 20 years of imprisonment if the defendant "commits such a violation after a prior conviction for a felony drug offense has become final." § 841(b)(1)(A). Jones does not dispute that his state conviction was final or that the conviction was for a felony drug offense. The issue for appeal is whether the conviction constitutes a "prior conviction" for purposes of § 841(b)(1)(A). The sentence enhancement was proper because Jones's 2003 state felony drug conviction was final well before the 2006 end of the conspiracy as alleged in the federal indictment. *See United States v. Green*, 293 F.3d 886, 894 (5th Cir. 2002); *United States v. Wheelock*, No. 93-8433, 21 F.3d 1109, 1994 WL 171737 at *3 (5th Cir. Apr. 29, 1994) (unpublished); *see also* 5TH CIR. R. 47.5.3 (unpublished opinions issued before January 1, 1996, are precedent); *c.f. United States v. Hass*, 150 F.3d 443, 450 (5th Cir. 1998).

Accordingly, the judgment of the district court is AFFIRMED.