# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-30135
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Demarquiez D. Harris,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-187-3

_____

Before King, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Demarquiez D. Harris pleaded guilty to conspiring to possess with the intent to distribute methamphetamine and distributing methamphetamine and cocaine base. The district court sentenced Harris to 262 months' imprisonment. Harris appeals his sentence, asserting mainly that he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1(a)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30135

because one of his predicate convictions—a 2016 Louisiana conviction for possession with the intent to distribute marijuana when he was 17—would not be a qualifying offense under current law given the decriminalization of offenses involving trivial amounts of marijuana and the state's subsequent raising of the threshold age to be charged as an adult to 18.

Because Harris does not allege that his prior conviction was invalid due to the denial of counsel, the district court properly refused to consider his impermissible collateral challenge to his prior conviction. *See Custis v. United States*, 511 U.S. 485, 495–97 (1994); *United States v. Longstreet*, 603 F.3d 273, 276–77 (5th Cir. 2010). To the extent that Harris asks us to create a new exception to the general rule barring collateral challenges to prior convictions at sentencing, we decline to do so. *See United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020). Harris's argument that his prior conviction cannot support the career offender enhancement because Louisiana possession with the intent to distribute is broader than the generic definition of the offense will not be considered as it is raised for the first time in his reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

Harris next argues that the district court erred in assessing a two-level increase under U.S.S.G. § 2D1.1(b)(1) for possessing a weapon. As noted above, Harris's offense level was based on the application of the § 4B1.1(a) career offender enhancement. The district court's assessment of the two-level § 2D1.1(b)(1) enhancement thus had no effect on the calculation of his offense level or Guidelines range. Harris's challenge to the weapons enhancement is therefore moot. *See United States v. Mankins*, 135 F.3d 946, 950 (5th Cir. 1998).

AFFIRMED.