**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 15, 2005**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30403
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CALVIN CURRY,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana

---

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:

James Calvin Curry ("Curry") has been sentenced to life imprisonment as a recidivist drug offender. He appeals the district court's reliance on one of his prior state drug convictions for purposes of the 21 U.S.C. § 841(b)(1)(A)[1] enhancement. Finding no error in the treatment of Curry's conviction for possession of contraband in a Louisiana prison, we affirm.

---

[1] The enhancement statute reads, in pertinent part, "If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A). The term "felony drug offense" is defined in 21 U.S.C. § 802(44), see infra n.4.

## BACKGROUND

James Calvin Curry was charged by indictment with one count of conspiracy to distribute fifty grams or more of crack cocaine, one count of distribution of fifty grams or more of crack cocaine, and six counts of distribution of five grams or more of crack cocaine. The Government also filed an Information and Notice of Prior Narcotics Convictions seeking an enhanced sentence of life imprisonment under 21 U.S.C. §§ 841 and 851. The Information charged that Curry had two prior state felony drug convictions: one in 1982 for possession of contraband in a state correctional facility in violation of LA. REV. STAT. ANN. § 14:402(B); and one in 1991 for distribution of cocaine in violation of LA. REV. STAT. ANN. § 40:967(A)(1).[2] Curry's state court Bill of Information for the first offense stated, "James C. Curry did possess contraband, that is, a controlled dangerous substance, to-wit: Marijuana, in a state correctional institution, to wit: Wade Correctional Center, in violation of R.S. 14:402(B)." R. Ex. 1.

The jury found Curry guilty of all eight counts, and, based on the two prior convictions, he was sentenced to the statutorily mandated sentence of life imprisonment. Curry filed a timely notice of appeal, challenging only the sentence enhancement.

## DISCUSSION

---

[2] In the Information, the Government cited § 40:967(D) which had been repealed prior to the conviction. The Information was subsequently amended.

Determinations of law are reviewed de novo. Gulf Marine and Indus. Supplies, Inc. v. Golden Prince M/V, 230 F.3d 178, 179 (5th Cir. 2000). Although Curry frames some of his arguments based on United States v. Booker, 125 S. Ct. 738 (2005), because the district court enhanced Curry's sentence based on a statutory enhancement provision and not the sentencing guidelines, we will not address these arguments.

Curry contests the district court's use of his prior felony drug conviction for possession of contraband in a penal institution to enhance his sentence to life imprisonment under 21 U.S.C. § 841(b)(1)(A).[3] Curry bases this claim on the fact that Louisiana state courts have interpreted this law as a crime "per se." See, e.g., State v. McMillan, 819 So. 2d 503, 507 (La. Ct. App. 2002); State v. Converse, 529 So. 2d 459, 466 (La. Ct. App. 1988). Curry asserts that Congress did not intend to make this offense, which lacks a mens rea component and is only a misdemeanor if committed outside a penal institution, a "felony drug offense" under 21 U.S.C. § 802(44).[4]

In United States v. Sandle, 123 F.3d 809 (5th Cir. 1997), this court adopted the reasoning of the Eleventh Circuit in United

_____

[3] Curry raises no claim of error relating to the district court's use of his other prior conviction for distribution of cocaine as an enhancement.

[4] The statute reads, "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

States v. Hansley, 54 F.3d 709, 715-16 (11th Cir. 1995), in holding that "felony drug offense" as defined by § 802(44) can include drug crimes requiring proof of only "mere possession." 123 F.3d at 812. Looking to the text of § 802(44), the court observed that Congress included no gloss that would require the state offense to include additional elements beyond possession. Sandle, 123 F.3d at 811-12. Further, when juxtaposed with Congress's use of the term "serious drug offense" in 18 U.S.C. § 924(e), which is defined as an "offense under State law, involving the manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance," which thus excludes drug offenses involving mere possession, the court concluded that Congress intended to include possession offenses (rising to the level of felonies) in the definition of "felony drug offenses" in § 802(44). Sandle, 123 F.3d at 812. Two other circuits (in addition to the Eleventh Circuit, see Hansley, supra) have adopted this position. See United States v. Spikes, 158 F.3d 913, 931-32 (6th Cir. 1998) (citing Sandle and Hansley and further noting that "nothing in the statutory definition for 'felony drug offense' remotely hints at the 'possession plus' gloss Spikes seeks to add to the statute"); United States v. Maynie, 257 F.3d 908, 919 n.5 (8th Cir. 2001) (citing Spikes with approval and describing that case as "rejecting [the] argument that an additional element beyond mere possession of drugs is necessary to meet the definition of a

4

'felony drug offense'").[5]  Curry attempts to distinguish his case from <u>Sandle</u> because the prior offense for which Sandle was convicted, unlike Curry's, required "general criminal intent."

The government responds that a fair reading of <u>Sandle</u> forecloses Curry's argument about his prior conviction.  We agree. For Curry to prevail on this issue, we would have to read a gloss onto § 802(44) that requires all underlying state drug felony convictions to require a criminal intent element in order to be eligible as a "felony drug offense" as specifically defined by Congress to include state felony drug offenses.  This would require the federal sentencing court to analyze the underlying state offense whenever the government sought an enhancement under this provision, and perform a mens rea analysis in the first instance if state courts had not yet done so.  This task seems a far step from the routine analysis suggested by <u>Sandle</u> and <u>United States v. Mankins</u>, 135 F.3d 946 (5th Cir. 1998), which held that the district court need only verify that the previous convictions were (1) felonies and (2) drug offenses.  The use and statutory definition of "felony drug conviction" in § 802(44) sweeps broadly enough to include even strict liability offenses like those for

---

[5]     The Eighth Circuit's willingness to adopt the reasoning of <u>Sandle</u> undercuts Curry's reliance on an earlier Eighth Circuit opinion, <u>United States v. Pazzanese</u>, 982 F.2d 251 (8th Cir. 1992).

which Curry was convicted.  The logic of <u>Sandle</u> thus applies with equal force to this case.[6]

Curry asserts that the underlying state offense is concerned with contraband of any kind in state penal institutions, whether that contraband is cupcakes or crack cocaine.  This argument goes to the "related" requirement of the statute more strongly than Curry's "mens rea" contention.  In <u>Pazzanese</u>, the Eighth Circuit reversed a sentence which relied on a New York criminal facilitation charge as a "felony drug offense" because the state charge was a "general 'catch all' criminal statute designed to reach the most remotely connected conduct in any given case.  It is not in and of itself a law which prohibits or restricts drug conduct."  982 F.2d at 254.  Similarly, LA. REV. STAT. ANN. § 14:402(b) states, "No person shall possess contraband upon the grounds of any state correctional institution."  The law does not specifically regulate, or "relate to," drugs.  However, the statute

_____

[6]     We further note that other federal statutes make reference to state law crimes in a similar respect to § 802(44).  The federal RICO statute is one example.  <u>See</u> 18 U.S.C. § 1961(1) (including as a predicate offense specific crimes "chargeable under State law and punishable by imprisonment for more than one year").  "The RICO statute therefore contemplates that both the acts charged and the sentences imposed may vary according to the law of the state where the acts occurred." <u>United States v. Fernandez</u>, 388 F.3d 1199, 1258 (9th Cir. 2004).  Unlike the statute at issue in <u>Taylor</u> and other cases where a common law crime was included in a federal statute as part of the substantive offense (e.g., making "burglary" part of the offense), in the RICO statute, Congress explicitly incorporated crimes "chargeable under state law" (18 U.S.C. § 1961(1)), demonstrating that the legislature "clearly accept[ed] the inevitable variation that results from incorporating state penalties into federal racketeering law." <u>Fernandez</u>, 388 F.3d at 1258-59 (discussing RICO).  The same can be said of § 802(44)'s similarly explicit use of "felony drug offense" chargeable "under any law . . . of a State."  As with RICO, Congress must have contemplated that the enhancement could have disparate results depending on where the defendant committed his state felony drug offense.

proceeds to define contraband in several subsections, one of which addresses controlled substances. See id. at 402(D)(1). This circuit has addressed this type of challenge before. In Mankins, this court concluded that a prior conviction for telephone facilitation under 21 U.S.C. § 843(b) constituted a "felony drug offense" because an element of the telephone facilitation offense included facilitation of commission of a drug offense. 135 F.3d at 949. Mankins relied upon the fact that the previous conviction "require[d] that in the course of using a communications facility the defendant must either commit an independent drug crime, or cause or facilitate such a crime." Id.

If Curry had only been convicted of the general crime of possession of contraband in a penal institution, a different result might be required. Curry's state court Bill of Information, however, identified marijuana as the contraband. Thus, as in Mankins, Curry's state conviction required the jury to find that he was in possession of a controlled substance within a penal institution, so the prior state conviction meets the "related to" requirement of § 802(44).

Moreover, the Supreme Court recently reaffirmed that in reviewing prior convictions to ascertain whether they fit a federal enhancement provision, a court may review "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S.

7

__, 125 S. Ct. __ (Mar. 7, 2005) (Slip Op. at 2). Thus, <u>Shepard</u> reinforces the government's argument that it is not just the generic crime of possession of contraband that was to be considered here, but the underlying facts, proved by the undisputed formal conviction records.

Finally, Curry asserts that the rule of lenity requires vacating his sentence. However, courts should "reserve[] [use of] lenity for those situations in which a reasonable doubt persists about a statute's intended scope even <u>after</u> a resort to the language and structure, legislative history, and motivating policies of the statute." <u>Moskal v. United States</u>, 498 U.S. 103, 108, 111 S. Ct. 461, 465 (1990) (internal quotations omitted; emphasis in original). The statutory language and structure of § 802(44) are clear. There is no need to resort to lenity.

For these reasons, the judgment and sentence of the district court are **AFFIRMED**.