PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                  No. 06-4333

JAMES RANDY NELSON,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Walter D. Kelley, Jr., District Judge.
(2:05-cr-00114-WDK)

Argued: March 13, 2007

Decided: April 19, 2007

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge Hamilton wrote the majority opinion, in which Judge Williams joined. Judge Motz wrote a dissenting opinion.

## COUNSEL

**ARGUED:** Sapna Mirchandani, OFFICE OF THE FEDERAL PUB-LIC DEFENDER, Alexandria, Virginia, for Appellant. Rachel L. Brand, UNITED STATES DEPARTMENT OF JUSTICE, Office of the Attorney General, Washington, D.C., for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Acting Federal Public Defender, Riley H.

Ross, III, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Alexandria, Virginia, James Ashford Metcalfe, Assistant United States Attorney, Edward K. Nickel, Third Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

## OPINION

HAMILTON, Senior Circuit Judge:

James Nelson pled guilty to possession of five grams or more of cocaine base (crack) with the intent to distribute, 21 U.S.C. §§ 841(a)(1) and (b)(l)(B), and to possession of cocaine with the intent to distribute, *id.* §§ 841(a)(1) and (b)(1)(C). In sentencing Nelson, the district court applied the enhanced ten-year mandatory minimum sentence required by § 841(b)(1)(B) for an offense committed "after a prior conviction for a felony drug offense has become final." Nelson appeals, arguing that the district court erroneously applied the ten-year mandatory minimum sentence because his prior March 1999 conviction for carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), which is the predicate offense supporting the enhancement, is not a "felony drug offense" within the meaning of § 841(b)(1)(B). We disagree. The term "felony drug offense" is specifically and unambiguously defined in 21 U.S.C. § 802(44), and Nelson's March 1999 § 924(c)(1) conviction for carrying a firearm during and in relation to a drug trafficking crime falls squarely within that definition. Accordingly, we affirm the district court's judgment.

I

A

Under § 841(b)(1)(B), a conviction obtained pursuant to § 841(a)(1) involving five or more grams of crack results in a mandatory minimum five-year sentence. Section 841(b)(1)(B) further provides that if the defendant committed the offense "after a prior

conviction for a felony drug offense has become final," the mandatory minimum is enhanced to ten years. Although § 841 does not define "felony drug offense," § 802(44) does define the term as

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44).

## B

In September 1998, Nelson was charged by a federal grand jury sitting in the Eastern District of Virginia with possession of crack with the intent to distribute, *id.* § 841(a)(1), and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). The drug trafficking crime charged in the § 924(c)(1) count was the drug offense charged in the § 841(a)(1) count. On March 8, 1999, Nelson pled guilty to the § 924(c)(1) count pursuant to a plea agreement. Pursuant to the plea agreement, the district court dismissed the § 841(a)(1) count. On the same day he pled guilty, Nelson was sentenced to sixty months' imprisonment on the § 924(c)(1) count.

Following his release from prison, Nelson was arrested after he urinated on the wall of a laundromat located on Coastal Boulevard in Onley, Virginia. As the arresting officer frisked Nelson for weapons, a scuffle apparently ensued, which led to Nelson's arrest. During the search incident to the arrest, the officer recovered crack and cocaine, as well as $2,522.55 in cash, from Nelson's person.

On August 25, 2005, a two-count indictment was returned by a federal grand jury sitting in the Eastern District of Virginia. Count One charged Nelson with possession of five grams or more of crack with the intent to distribute, 21 U.S.C. §§ 841(a)(1) and (b)(l)(B), and Count Two charged Nelson with possession of cocaine with the intent to distribute, *id.* §§ 841 (a)(1) and (b)(1)(C). Following the return of the indictment, the government filed a notice and information certify-

ing that Nelson had been previously convicted of a felony drug offense and that the conviction was final, *see id.* § 851(a)(1). The felony drug offense listed in the notice and information was Nelson's March 1999 § 924(c)(1) conviction.

On October 25, 2006, Nelson pled guilty to both counts in the indictment, without the benefit of a plea agreement. A presentence report (PSR) was prepared, but it did not include the application of the ten-year mandatory minimum sentence contained in § 841(b)(1)(B).[1] Consequently, the government objected to the PSR's failure to apply the ten-year mandatory minimum sentence for a prior felony drug offense in § 841(b)(1)(B), contending that Nelson's March 1999 § 924(c)(1) conviction constituted a felony drug offense because the offense involved conduct that related to narcotic drugs.

In a published decision, *see United States v. Nelson*, 417 F. Supp. 2d 773 (E.D. Va. 2006), the district court sustained the government's objection, concluding that Nelson's March 1999 § 924(c)(1) conviction for carrying a firearm during and in relation to a drug trafficking crime fell squarely within § 802(44)'s unambiguous definition of "felony drug offense." Thereafter, Nelson was sentenced to concurrent terms of 120 months' imprisonment. Nelson noted a timely appeal.

## II

On appeal, Nelson challenges the district court's holding that his March 1999 § 924(c)(1) conviction for carrying a firearm during and in relation to a drug trafficking crime constituted a "felony drug offense," as that term is defined in § 802(44). As this issue involves the district court's interpretation of statutes, our review is *de novo*. *United States v. Burgess*, No. 04-4997, 2007 WL 726736, at *2 (4th Cir. March 12, 2007).

When confronted with an issue turning on the interpretation of one or several statutes, "[o]ur first step" is to determine whether the statutory language in play "has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*,

---

[1]The PSR recommended a sentencing range of 87 to 108 months' imprisonment.

519 U.S. 337, 340 (1997). Questions concerning the plainness or the ambiguity of the statutory language are resolved "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. "Our inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Id.* at 340 (citation and internal quotation marks omitted). In most instances, "[s]tatutory definitions control the meaning of statutory words," *Lawson v. Suwannee Fruit & S.S. Co.*, 336 U.S. 198, 201 (1949), and "[w]hen a statute includes an explicit definition, we must follow that definition, even if it varies from that term's ordinary meaning," *Stenberg v. Carhart*, 530 U.S. 914, 942 (2000).

As noted above, § 841 does not define "felony drug offense," but § 802(44) does so. The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a state or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances. Accordingly, we must determine whether Nelson's March 1999 § 924(c)(1) conviction for carrying a firearm during and in relation to a drug trafficking crime is an offense that "prohibits or restricts conduct relating to narcotic drugs," 21 U.S.C. § 802(44).

Section 924(c)(1)(A) states, in relevant part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime . . . be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A).

Under the plain language of § 924(c)(1), the statute criminalizes the use or carrying of a firearm during and in relation to either a crime of violence or a drug trafficking crime. Thus, in a § 924(c)(1) prosecution, the government must prove that "(1) the defendant used or

carried a firearm, and (2) the defendant did so during and in relation to a drug trafficking offense or crime of violence." *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997); *see also* O'Malley, Grenig, & Lee, 2A *Federal Jury Practice and Instructions* § 39.18 (5th ed. 2000) (stating in its proposed § 924(c)(1) instruction that the government must prove beyond a reasonable doubt that the defendant committed a predicate crime and that the defendant used or carried a firearm during and in relation to that crime). Moreover, "a defendant's conviction under § 924(c) 'does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.'" *United States v. Hopkins*, 310 F.3d 145, 152 (4th Cir. 2002) (quoting *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997)).

In this case, Nelson's guilty plea to the § 924(c)(1) offense constituted an admission of all the material elements of the crime. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) ("A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."). Thus, Nelson admitted that he not only possessed a firearm, but also did so during and in relation to the offense of possession of crack with the intent to distribute.[2]

Where, as here, a defendant has pled guilty to a § 924(c)(1) offense involving the possession of a firearm during and in relation to a drug trafficking crime, the § 924(c)(1) offense unquestionably "prohibits or restricts conduct relating to narcotic drugs." Section 924(c)(1), in the context of this case, prohibited Nelson from possessing crack with the intent to distribute while simultaneously carrying a firearm. His conduct was not criminal under § 924(c)(1) until he (1) committed the offense of possession of crack with the intent to distribute and (2) car-

---

[2]Nelson concedes that the offense of possession of crack with the intent to distribute is a drug trafficking crime as that term is defined in 18 U.S.C. § 924(c)(2).

ried the firearm during and in relation to that offense. Because his conduct was not criminal under § 924(c)(1) without his possession of crack with the intent to distribute, his March 1999 § 924(c)(1) conviction was an offense that prohibited or restricted conduct relating to narcotic drugs under § 802(44). *Cf. United States v. Mankins*, 135 F.3d 946, 949 (5th Cir. 1998) (holding that a prior conviction for use of a communication facility in the facilitation of a drug offense under 21 U.S.C. § 843(b) constituted a "felony drug offense" because an element of the § 843(b) offense included the facilitation of the commission of a drug offense).

To be sure, if Nelson had only been convicted of carrying a firearm during and in relation to a crime of violence or violating § 924(c)(1) generically (in the sense that neither the parties nor the district court could discern whether Nelson carried the firearm during and in relation to a crime of violence or carried it during and in relation to a drug trafficking crime), a different result might be required. However, the September 1998 indictment referred specifically to the crime of possession of crack with intent to distribute. Because Nelson admitted, by virtue of the September 1998 indictment and his subsequent guilty plea, that he carried a firearm during and in relation to his possession of crack with the intent to distribute, his March 1999 § 924(c)(1) conviction meets the "relat[ed] to" requirement of § 802(44).[3]

In the face of this straightforward application of the relevant statutes, Nelson presses several arguments. First, he suggests that Congress never intended § 924(c)(1) to restrict or prohibit conduct related to controlled substances. In support of this assertion, he notes that § 924(c)(1) is contained in Chapter 44 ("Firearms") of Title 18 ("Crimes and Criminal Procedure") as opposed to Part D ("Offenses and Penalties") of Title 21 ("Food and Drugs"). He also notes that

---

[3]In reviewing prior convictions to determine whether they fall within a federal sentencing enhancement provision, the Supreme Court has instructed us to review "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). In keeping with *Shepard*, we have relied on Nelson's undisputed formal conviction records to determine the nature of his March 1999 § 924(c)(1) conviction.

§ 924(c)(1) can apply to conduct wholly unrelated to the possession or distribution of controlled substances, for example, when the firearm is possessed during and in relation to a crime of violence.

Nelson's view of the relevant statutes is too myopic. Title 18 and Title 21 work together, not separately, to prohibit conduct related to controlled substances. Obviously, Chapter 44 of Title 18 deals mostly with prohibited conduct related to firearms, and Part D of Title 21 deals mostly with prohibited conduct related to controlled substances. However, there are instances in Title 18 where Congress understandably sought to penalize conduct that went beyond conduct solely related to firearms. Section 924(c)(1) is a prime example, as it addresses the evil of possession of a firearm during and in relation to either a crime of violence or a drug trafficking crime. Section 924(k), which applies when a person smuggles a firearm into the United States with the intent to engage in or promote the commission of, *inter alia*, a Title 21 drug offense or a state law violation that "relate[s] to any controlled substance," is another example. Chapter 44 of Title 18 also contains other references to Title 21. *See, e.g.*, 18 U.S.C. §§ 922(g)(3), 924(e)(1). In view of the interplay between Title 18 and Title 21, it was not unreasonable or unusual for Congress to restrict some conduct related to controlled substances in Title 18.

Next, Nelson relies on the fact that § 924(e)(1), which imposes a fifteen year minimum mandatory sentence for a defendant who is convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and has three previous convictions for, *inter alia*, a "serious drug offense," refers only to Title 21 for its definition of federal crimes that constitute "serious drug offense[s]." According to Nelson, "[h]ad Congress intended that § 924(c) qualify as a 'drug offense,' the violation of that statute certainly would constitute a 'serious drug offense' and, therefore, be included as a predicate offense for the § 924(e) enhancement." Appellant's Br. at 15. Nelson's argument fails for the simple reason that § 924(e)(1) relates to a sentence enhancement imposed for the possession of a firearm under § 922(g)(1), while this case concerns a sentence enhancement related to the possession of crack under § 841(a)(1) and § 841(b)(l)(B). We simply cannot take issue with Congress' decision to create separate approaches for the application of sentencing enhancements, one related to a felon who possesses a firearm and the other related to cer-

tain drug offenses. Morever, several courts have recognized that the definition of "felony drug offense" and "serious drug offense" are dissimilar because the term "felony drug offense" has a broader reach than the term "serious drug offense." *See, e.g.*, *United States v. Curry*, 404 F.3d 316, 318-19 (5th Cir. 2005) (noting that the definition of "felony drug offense" covers offenses involving the mere possession of controlled substances, while the definition of "serious drug offense" does not).

Nelson also suggests that, at a minimum, the rule of lenity "counsels against adopting the district court's interpretation of the term 'felony drug offense.'" Appellant's Br. at 17. We reject Nelson's attempt to invoke this rule because there is no "grievous ambiguity or uncertainty" in the relevant statutes. *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998) ("To invoke the rule [of lenity], we must conclude that there is a grievous ambiguity or uncertainty in the statute.") (citation and internal quotation marks omitted).

Finally, we offer a brief comment concerning the dissenting opinion of our distinguished colleague. According to the dissent, all violations of § 924(c)(1) are not felony drug offenses because in some instances (not all) § 924(c)(1) criminalizes conduct that has no relationship to drug activity. *See post* at 11-13. According to the dissent, its textual support for this argument is § 802(44)'s use of the word "law." The use of the word "law," the dissent tells us, means that "either all violations of a 'law' — in this case, § 924(c)(1)(A) — constitute 'felony drug offense[s]' or none do." *Post* at 12. This is so, according to the dissent, because the term "law" does not allow us to examine anything beyond the statutory definition of § 924(c)(1).

We decline the dissent's invitation to read the word "law" so narrowly. "Law" as used in § 802(44) is a broad term, and it relates to all federal, state, and foreign laws that prohibit or restrict conduct related to drugs. Considering the broad nature of the term "law," we are convinced that Congress did not intend § 802(44) to have no application simply because a law in some instances would cover conduct unrelated to drug activity. For example, if a state law provided that it was illegal for a defendant to possess drugs, distribute drugs, manufacture drugs, or launder money, the dissent would conclude that this law is not related to drugs because a component of the law—

money laundering—does not necessarily relate to drugs. Such an approach is simply illogical, would defeat the purpose of the enhanced penalties set forth in § 841(b)(1)(B), and explains why an examination of Nelson's undisputed formal conviction records is appropriate in this case.

### III

For the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED*

DIANA GRIBBON MOTZ, Circuit Judge, dissenting:

I respect the majority's position and recognize the intuitive appeal of the Government's argument. In my view, however, the plain language of the relevant statutes and Supreme Court instruction as to proper statutory interpretation require reversal of the judgment of the district court. Accordingly, I must dissent.

### I.

The district court sentenced James Nelson to a ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B) (2006) because it found that Nelson's previous conviction under 18 U.S.C.A. § 924(c)(1)(A) (1999) constituted a predicate "felony drug offense," as 21 U.S.C. § 802(44) (2006) defines that term. Section 802(44) provides that a "felony drug offense" is:

> an offense that is punishable by imprisonment for more than one year under *any law* of the United States . . . *that* prohibits or restricts conduct relating to narcotic drugs . . . .

(emphasis added).

The majority properly recognizes that § 802(44) provides the relevant definition of "felony drug offense." But, immediately after citing this definition, it states that it "must determine whether Nelson's

March 1999 § 924(c)(1) conviction . . . is an *offense* that 'prohibits or restricts conduct relating to narcotic drugs.'" *Ante* at 5 (*quoting* 21 U.S.C. § 802(44)(emphasis added)). It seems to me that this approach ignores the plain language of § 802(44): the word "that" emphasized above in the statutory definition refers to "law," not "offense." Whether a previous conviction constitutes a "felony drug offense" depends not on the conduct that led to the prior offense, but rather on the *law* under which the individual was previously convicted. In Nelson's case, that law was 18 U.S.C. § 924(c)(1)(A). Thus, the question is whether violations of this law are "felony drug offense[s]."

Section 924(c)(1)(A) provides:

> [A]ny person who, during and in relation to any crime of violence *or* drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime . . . be sentenced to a term of imprisonment of not less than 5 years.

The plain statutory language prohibits the use or carrying of a firearm "during and in relation to" a crime of violence *or* a drug trafficking crime. Hence, § 924(c)(1)(A) criminalizes some conduct that has no relationship to drug activity.[1] When a previous conviction involves no drug-related conduct, surely no one would suggest that the prior con-

---

[1]For this reason, *United States v. Mankins*, 135 F.3d 946, 949-50 (5th Cir. 1998), on which the Government relies, is inapposite. There, the Fifth Circuit held that a prior conviction for use of a communications facility in violation of 21 U.S.C. § 843(b) (2006) constituted a "felony drug offense" for purposes of the § 841(b)(1)(B) enhancement. But unlike § 924(c), which penalizes some non-drug-related activity, § 843(b) *only* penalizes use of a communications facility in committing drug related activity — i.e., crimes under the Controlled Substances Act. A person cannot violate § 843(b) without drug-related activity. *See United States v. Martinez*, 182 F.3d 1107, 1114 (9th Cir. 1999) (explaining that *Mankins* held that an offense under § 843(b) "necessarily had to relate to a drug offense"). Accordingly, *Mankins* does not aid the Government.

viction constituted a "felony drug offense." Indeed, the majority acknowledges that "if Nelson had only been convicted of carrying a firearm during and in relation to a crime of violence or violating § 924(c)(1) generically" it "might be required" to reach "a different result." *Ante* at 7.

The Government maintains that we should look to the facts of each conviction to determine whether that particular violation of § 924(c)(1)(A) was a "felony drug offense." But the plain language of § 802(44) forbids this approach. Section 802(44) directs our attention to the "law," not the conduct. Thus, either all violations of a "law" — in this case, § 924(c)(1)(A) — constitute "felony drug offense[s]" or none do. If Congress had intended for sentencing judges to look to the facts of a prior conviction, it could have defined a "felony drug offense" as a "crime or an offense involving conduct relating to drugs." But it did not. "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes," *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940), and the "words" of § 802(44) simply do not permit a court to hold that sometimes violations of § 924(c)(1)(A) are "felony drug offense[s]," and sometimes they are not.

Moreover, contrary to the Government's contention, *Shepard v. United States*, 544 U.S. 13 (2005), and *Taylor v. United States*, 495 U.S. 575 (1990), do not allow sentencing judges to look to the facts of a prior conviction in order to determine whether a defendant has previously committed a "felony drug offense." In *Shepard* and *Taylor*, the Supreme Court considered when "burglary" constituted a "violent felony" and thus a proper basis to enhance a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2006). After examination of § 924(e) and its legislative history, the Court concluded "that Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States" and so a prior burglary offense would count for the purpose of the ACCA enhancement if the person had been convicted of "any crime, regardless of its exact definition or label, having th[ese] basic elements." *Taylor*, 495 U.S. at 598-99. If a court cannot determine from a statutory definition that a crime substantially corresponds to "generic" burglary, it can consider whether "the charging paper and jury

instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant," *id.* at 602, or if the defendant pleaded guilty to such an offense, *Shepard*, 544 U.S. at 19.

Neither the Supreme Court nor this court has ever suggested that the *Shepard-Taylor* approach can be applied generally to federal sentencing enhancements or particularly to the question of whether a law "restricts or prohibits conduct relating to drugs" for the purposes of a 21 U.S.C. § 841(b) enhancement. That said, if the language of § 802(44), the felony drug offense definition at issue here, was similar to § 924(e), the provision considered in *Shepard* and *Taylor*, then those cases would provide authority for the Government's contention that we should examine the *conduct* underlying the predicate § 924(c)(1)(A) violation to determine if it is a felony drug offense.

In fact, however, the statutory language in § 802(44) differs markedly from that in § 924(e). These differences in statutory language clearly demonstrate why the *Shepard-Taylor* approach does not apply here. Section 924(e)(2)(B), the statute at issue in *Shepard* and *Taylor*, defines a "violent felony" as "any *crime* punishable by imprisonment for a term exceeding one year . . . that . . . is burglary." 18 U.S.C. § 924(e)(2)(B) (emphasis added). This definition focuses on the "crime" that formed the basis for the prior conviction; that is, the criminal conduct for which the individual was convicted. Hence, once the Court in *Shepard* and *Taylor* identified the elements of the "crime" of "burglary," sentencing courts were free to look to whether the individual's conduct included all of these elements. In contrast, the statutory definition of a "felony drug offense," at issue here, directs judges not to the criminal conduct underlying the prior conviction, but to the *law* under which the individual was convicted. 21 U.S.C. § 802(44). Accordingly, it would be inconsistent with that statutory language to apply the *Shepard* and *Taylor* approach here.[2]

---

[2]*Cf. United States v. Brandon*, 247 F.3d 186, 191-92 (4th Cir. 2001) (applying the *Taylor* approach to a different subsection of the ACCA itself only because the relevant statutory definition, like that in *Taylor*, focused on "the generic conduct proscribed by the statute"). *But see United States v. Curry*, 404 F.3d 316, 320 (5th Cir. 2005) (per curiam) (assuming, in dicta and without explanation, that *Shepard* allows reference to the "underlying facts" to determine whether a prior conviction constitutes a predicate "felony drug offense").

In sum, the plain language of the statutory definition of "felony drug offense" in § 802(44) does not permit sentencing judges to look to the conduct underlying a previous conviction under § 924(c)(1)(A) — as the majority must here — in order to determine whether that conviction qualifies as a "felony drug offense." Rather, a court must determine whether or not all violations of that law constitute "felony drug offense[s]."

## II.

To hold that all violations of § 924(c)(1)(A) are "felony drug offense[s]" when some of these violations have nothing to do with drugs would be an absurd result that no court should countenance when a "reasonable application can be given which is consistent with the legislative purpose." *See United States v. Ryan*, 284 U.S. 167, 175 (1931). Here, a "reasonable application" that "is consistent with the legislative purpose" is certainly possible. Section 924(c)(1)(A) *always* "prohibits or restricts conduct relating to" firearms and so violations of it can more reasonably (and accurately) be viewed as felony firearm offenses rather than felony drug offenses.[3]

The legislative history of § 924(c)(1)(A) makes clear that Congress intended the statute as a restriction on firearm conduct, not drug conduct. As we have previously observed, the "unmistakable objective" of § 924(c)(1)(A) is to "'persuad[e] the man who is tempted to commit a federal Felony to leave his gun at home,'" *United States v. Camps*, 32 F.3d 102, 108 (4th Cir. 1994) (*quoting Busic v. United States*, 446 U.S. 398, 414 (1980) (*quoting* 114 Cong. Rec. 22231 (1968) (statement of Rep. Poff, the sponsor of the amendment embodied in § 924(c)(1)))). Consistent with this purpose, we have explained that "the plain language of section 924(c)(1) very clearly does *not* criminalize the underlying predicate offense, whether it be a crime of violence or a drug trafficking crime." *Id*. Perhaps for this reason, unlike federal statutes that target drug-related conduct, which are located in the Controlled Substances Act in title 21 of the United

---

[3]Of course, Congress could enact a statute that created *both* a felony firearm offense *and* a felony drug offense, but such a statute would prohibit both firearm and drug activity in *all* instances, something that § 924(c)(1)(A) does not do.

States Code, § 924(c)(1)(A) is located in title 18 of the United States Code.

Furthermore, treating violations of § 924(c)(1)(A) as "felony drug offense[s]" leads to troubling results that Congress could not have intended. As one example, a conviction based on a *single* underlying drug offense could lead to an enhancement for having *two* predicate felony drug offenses — one for the drug conviction and one for the § 924(c)(1)(A) conviction — and thus one prior criminal incident could result in a mandatory life sentence. *See* 21 U.S.C. § 841(b)(1)(A). Although the Government represents that this is not their practice, our precedent holding that a defendant, possessing multiple firearms in connection with a single drug trafficking or violent crime incident, can be convicted of multiple counts of § 924(c)(1)(A), *see Camps*, 32 F.3d at 108, provides the basis for another troubling example. If a violation of § 924(c)(1)(A) constitutes a "felony drug offense," a defendant convicted of multiple violations of that law for possessing multiple firearms could face a mandatory life sentence even if the § 924(c)(1)(A) convictions *arose from a single incident having nothing at all to do with drugs*.

Finally, of course, the rule of lenity counsels against treating violations of § 924(c)(1)(A) as "felony drug offense[s]." The Supreme Court has instructed that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Cleveland v. United States*, 531 U.S. 12, 25 (2000) (internal quotation marks omitted). To be sure, the Court has carefully "reserved lenity for those situations in which a reasonable doubt persists about a statute's intended scope even *after* resort to the language and structure, legislative history, and motivating policies of the statute." *Moskal v. United States*, 498 U.S. 103, 108 (1990) (internal quotation marks omitted). In my view, Nelson need not rely on the rule of lenity in this case. For I believe that the plain language, structure, legislative history, and motivating policy of 18 U.S.C. § 924(c)(1)(A) all indicate that violations of it do not constitute "felony drug offense[s]." However, if there were any "reasonable doubt" as to this, we must apply the rule of lenity. *Moskal*, 498 U.S. at 108.

### III.

For all of these reasons, I would hold that violations of § 924(c)(1)(A) are not "felony drug offense[s]" and reverse the judgement of the district court.