**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4459**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RICHARD ARMAND PINDLE, a/k/a P,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:08-cr-00287-LO-1)

Submitted: October 18, 2010      Decided: November 19, 2010

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Iweanoge, II, IWEANOGE LAW CENTER, Washington, D.C., for Appellant. Neil H. MacBride, United States Attorney, Justin K. Gelfand, Special Assistant United States Attorney, Michael E. Rich, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Armand Pindle was indicted on seven counts of Hobbs Act robbery, 18 U.S.C. § 1951 (2006) (Counts One-Seven), seven counts of using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2006) (Counts Eight-Fourteen), and one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006) (Count Fifteen). Counts One-Fourteen related to a series of convenience store robberies that occurred in Northern Virginia during April, May, and August 2006. The jury found Pindle guilty on Counts Seven and Fourteen, which related to the August 20 robbery of a Vocelli's Pizza delivery man. The district court declared a mistrial on the remaining counts because the jury was unable to reach a verdict on those counts. Pindle waived a jury trial on Count Fifteen, and the district court found him guilty on that count.

Pindle was sentenced to 144 months on Count Seven, eighty-four months on Count Fourteen, and seventy-eight months on Count Fifteen. The sentences on Counts Seven and Fifteen run concurrently, and the sentence on Count Fourteen runs consecutively to the concurrent sentence. Pindle appeals his convictions and sentence.

Pindle first contends that the evidence was insufficient to convict him of the three offenses. A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence is that evidence which a 'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). We review both direct and circumstantial evidence and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We do not review the credibility of witnesses, and we assume the factfinder resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

Hobbs Act Robbery. "The Hobbs Act prohibits robbery . . . that 'in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce.'" United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003) (quoting 18 U.S.C. § 1951(a)). Thus, to prove Hobbs

Act robbery, the Government must establish that a robbery occurred and that it affected interstate commerce. Id.

We hold that the evidence was sufficient to convict Pindle of Hobbs Act robbery. Raja Anwar testified that he had four pizzas to deliver to a condominium in Woodbridge, Virginia. No one answered when he knocked on the door, and he began walking to his car to call the customer. Two men rushed towards him. Both men wore gloves, and at least one wore a black mask and was armed. One of the men demanded both the pizza and Anwar's money. Anwar turned over a green pizza bag containing the four boxes of pizza and about $200. The other robber took Anwar's car keys. After the robbers fled, Anwar called the police.

Officer Marshall Daniel and Yoda, his K-9 partner, arrived at the scene and conducted a track. Officer Jay Gutschmidt searched the area where the track ended. He found a Vocelli's Pizza receipt and walked to a nearby dumpster, where he found Vocelli's Pizza boxes and a green Vocelli's Pizza bag. Anwar informed officers that he had often delivered pizzas to a nearby apartment. The police then went to that address, where they found Pindle, who pretended to be asleep. During a search of the apartment, officers recovered clothing similar to that worn by the robbers, Anwar's keys, fresh pizza, a mask, and gloves. Gutschmidt recovered a gun from a rain gutter above the

4

apartment's balcony. During a post-arrest interview, Pindle admitted that the gun belonged to his father and that he had taken it to the apartment on a previous occasion.

Nikolas Goodson testified that he, Pindle, McGee Menka and others were in the apartment on August 20. Pindle produced a .38 caliber handgun and told the others that he had robbed 7-Elevens and gas stations. Goodson saw Pindle and another man leave the apartment and return with pizza. Pindle subsequently left with the pizza boxes and returned without them. When the police knocked at the door, Pindle began hiding various items, including the gun, a mask, and gloves. Goodson saw Pindle place the gun on the roof above the apartment's balcony.

This evidence establishes beyond a reasonable doubt that Pindle committed the robbery. This, coupled with a stipulation that Vocelli's Pizza is a "business[] that engaged in and that affected interstate commerce, and that the robbery . . . obstructed, delayed, or affected interstate commerce," was sufficient to convict Pindle of Hobbs Act robbery.

Firearms Offenses. In order to prove a violation of 18 U.S.C. § 924(c), the Government must prove that the Defendant (1) used or carried a firearm (2) during and in relation to a crime of violence. United States v. Nelson, 484 F.3d 257, 260 (4th Cir. 2007). To prove a violation of 18 U.S.C. § 922(g), the Government must prove that the Defendant: (1) was previously

convicted of a crime punishable by imprisonment of more than one year; (2) knowingly possessed, transported, shipped, or received the firearm; and (3) the possession was in or affected commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

The evidence was sufficient to convict Pindle of the § 924(c) offense. A firearm was used to effect the robbery of Anwar. Further, the jury could readily infer from Goodson's testimony and Pindle's admission that the gun was his father's that it was Pindle who used the firearm during the robbery.

The evidence also was sufficient to convict Pindle of violating § 922(g). It was stipulated at trial that Pindle was a convicted felon and that the gun was not manufactured in Virginia. Further, Pindle admitted that he had possessed the gun.

II

Pindle next contends that the district court erroneously refused to give a proffered jury instruction on identification. We review "the district court's decision to give or refuse to give a jury instruction for abuse of discretion." United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009), cert. denied, 130 S. Ct. 1551 (2010). In Passaro, we wrote:

6

A district court commits reversible error in refusing to provide a proffered jury instruction only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. . . . Moreover, we do not view a single instruction in isolation; rather we consider whether taken as a whole and in the context of the entire charge the instructions accurately and fairly state the controlling law.

Id. (internal quotation marks and citations omitted).

We conclude that the district court did not abuse its discretion in refusing to give the proposed instruction because the instruction was not correct. The instruction was predicated on there having been eyewitness identification of Pindle as the robber, and there was no such identification.

III

Finally, Pindle argues that the district court erred in imposing a variant sentence. We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir.), cert. denied, 130 S. Ct. 127 (2009). In conducting our review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider

7

the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Counts Seven and Fifteen were grouped. The offense level for the group was 20, Pindle's criminal history category was V, and his advisory Guidelines range for those counts was 63-78 months. He was also subject to a consecutive eighty-four-month sentence pursuant to his conviction on Count Fourteen. Both parties submitted positions on sentencing. Pindle asked for a sentence below his Guidelines range. The Government requested an upward departure "based upon conduct represented by those offenses upon which the jury was unable to reach a verdict."

Following argument at sentencing, the district court found by a preponderance of the evidence that Pindle had committed the other robberies charged in the indictment. The court based this finding on the following: the similarities, including the description of the robber, among the robberies;

the identification by three robbery victims of Pindle's voice as that of the perpetrator; and the fact that the same firearm was discharged during three of the robberies.

The court found, in light of its determination that Pindle had committed the other robberies, that a sentence within the advisory Guidelines range was inappropriate. The court stated that Pindle was "an extremely dangerous person . . . [who had] consistently carried a firearm since [he was seventeen] despite convictions for doing so and being offered the opportunity for Probation's support." Pindle was educated, employable and able to control his alcohol and marijuana use. Nonetheless, he had committed the series of robberies during which two people were shot. The court granted the Government's motion for upward departure, moved incrementally through the Guidelines and determined that offense level 27, criminal history category V, resulting in a Guidelines range of 120-150 months, was appropriate. The court sentenced Pindle to an aggregate sentence of 228 months.

We conclude that the sentence is procedurally and substantively reasonable. Pindle's advisory Guidelines range was correctly calculated. The district court considered Pindle's argument that certain § 3553(c) factors warranted a sentence below that range. However, the court concluded that other sentencing factors necessitated a sentence above that

range.   Finally, the court adequately explained its reason for imposing the variant sentence.

## IV

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

10