**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4386**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALAN JOHNSON, a/k/a LA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:11-cr-00153-BO-2)

_____

Argued: September 19, 2014          Decided: February 3, 2015

_____

Before TRAXLER, Chief Judge, NIEMEYER, Circuit Judge, and DAVIS, Senior Circuit Judge.

_____

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

_____

**ARGUED:** Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Johnson appeals his convictions for various crimes relating to two armed robberies and his subsequent possession of a firearm. We affirm the denial of his motion to withdraw his guilty plea to one count, but we otherwise reverse Johnson's convictions and remand for a new trial.

## I.

The charges in this case stem from two armed robberies committed in July 2011 and Johnson's possession of a firearm at the time of his arrest the following month. Concerning the first robbery, the government sought to prove that Johnson and others conspired to rob drug dealer Eric Davis of his marijuana, shot Davis several times during the robbery, and escaped with cash and a quantity of marijuana, which they divided among themselves. Regarding the second robbery, the government sought to show that Johnson and at least one other man conspired to rob insurance agency Able Auto Insurance ("AAI"), robbed AAI at gunpoint, and escaped with more than $5,000.

Johnson was indicted on the following counts:

- two counts of conspiring to rob a business engaged in interstate commerce, see 18 U.S.C. § 1951 (Counts Two and Seven);

- two counts of robbing a business engaged in interstate commerce, see 18 U.S.C. §§ 2, 1951 (Counts Three and Eight);

2

- two counts of possessing a firearm in furtherance of a crime of violence, see 18 U.S.C. § 924(c)(1)(A) (Counts Four and Nine);

- one count of possessing with the intent to distribute a quantity of marijuana, see 21 U.S.C. § 841(a)(1) (Count Five);

- one count of possessing a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1)(A) (Count Six); and

- one count of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1) (Count Ten).

Johnson pled guilty to the § 922(g)(1) charge (Count Ten) but proceeded to trial on the rest of the charges. The jury returned a verdict of guilty against Johnson on all counts.

More than two months after the completion of the trial, Johnson moved to withdraw his guilty plea to Count Ten, contending that the weapon he possessed at the time of his arrest actually did not satisfy the applicable statute's definition of a firearm. The district court denied the motion.

The court eventually imposed a 188-month sentence on Counts Two, Three, Seven, and Eight; concurrent 60- and 120-month sentences on Counts Five and Ten; and consecutive sentences of 120 months and 300 months on Counts Six and Nine, for a total sentence of 608 months.[1]

---

[1] On the government's motion, the district court arrested judgment on Count Four since it was based on the same firearm involved in Count Six.

II.

Johnson first contends that the district court abused its discretion in denying his motion to withdraw his guilty plea to illegally possessing a firearm in violation of § 922(g)(1) as charged in Count Ten.  We disagree.

Because a defendant does not have an absolute right to withdraw a guilty plea that the district court has accepted, the defendant must show "a fair and just reason" for doing so.  Fed. R. Crim. P. 11(d)(2)(B).  We review the denial of a motion to withdraw a guilty plea for abuse of discretion.  See United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

Here, Johnson moved to withdraw his guilty plea to the charge of being a felon in possession of a firearm on the basis that the firearm at issue – a Rossi, model 68, .38-caliber revolver – was excluded from the applicable definition of "firearm" by 26 U.S.C. § 5845(a) and thus could not serve as a basis for a conviction under 18 U.S.C. § 922(g).  As the government explained in its response to the motion, however, the definition of "firearm" in § 5845(a) does not apply in the context of § 922(g).  Section 5845 governs what firearms are required to have special taxes or registration by the very nature of the firearm itself, see 26 U.S.C. § 5841, and the statute specifically provides that its definitions are "[f]or the purpose of this chapter," 26 U.S.C. § 5845.

4

Johnson does not continue to assert his innocence concerning Count Ten, but he argues that the district court, in the colloquy preceding the court's acceptance of Johnson's plea, did not advise Johnson of all of the rights described in Rule 11 of the Federal Rules of Criminal Procedure. Rule 11 notes, however, that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights," Fed. R. Crim. P. 11(h), and indeed there is no basis in the record for concluding that the brevity of the colloquy had any effect on Johnson's plea decision whatsoever. We therefore conclude that the district court was well within its discretion in denying Johnson's motion to withdraw his plea.

III.

Johnson argues that the district court committed reversible error by admitting a video recording and a transcript of his interrogation which included a series of accusations regarding Johnson's involvement in several unrelated violent crimes. We agree. Most of the interrogation evidence was highly prejudicial and lacked any probative value whatsoever. Because we are unable to conclude that the erroneous admission of this evidence was harmless, we reverse and remand for a new trial.

When Johnson was arrested, police officers interviewed him for more than two hours. The interview, which was videotaped, included questions to Johnson about criminal activity completely

5

unrelated to the charges under consideration by the jury. Johnson was asked about a gang-related murder and about his high-level position in the Bloods' hierarchy. Johnson specifically admitted that he had once been instructed to kill an individual in connection with his gang membership. He was also questioned about his alleged involvement in other armed robberies and in the distribution of illegal narcotics.

Over Johnson's objection, the district court admitted into evidence a DVD containing the entire two-hour-plus interrogation.[2] Likewise, the court admitted into evidence a written transcript of the entire interrogation as well as a CD containing a digital version of the full transcript. Although it appears that the district court redacted the voluminous paper transcript of the full interview and sent back only 16 pages specifically relating to the AAI and Davis robberies, the CD of the entire transcript was in evidence. The DVD of the full interview went back to the jury room; it is unclear whether the CD containing the full transcript also went back with the jury.

On appeal, the government wisely does not suggest that either the portion of the DVD or the transcript in which Johnson

---

[2] The government attempted to play for the jury a DVD that contained only two short clips from the full interview relating to the offenses charged in the indictment. The audio on this abridged DVD, however, was unintelligible.

6

was interrogated about unrelated violent criminal activity had any probative value. Indeed, for much of the interrogation, officers directed questions to Johnson regarding his alleged involvement in gang-related violence and other wrongdoing. Such evidence obviously had no tendency to establish that Johnson was guilty of the offenses charged in the indictment. See United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996) (evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). We fail to see any purpose for which the evidence of unrelated gang violence and murder would be relevant other than to prove Johnson's violent criminal disposition. This is a prohibited purpose under Rule of Evidence 404(b).

Although the portion of the interrogation involving questions about the AAI and Davis robberies was relevant, this was apparently a relatively small part of the two-hour interrogation which was provided in its entirety to the jury. Otherwise, this evidence regarding Johnson's involvement in a gangland slaying and other gang-related violence was highly prejudicial—indeed, there is little else that would qualify as more inflammatory than accusations of homicide. We are forced to conclude that the probative value of this evidence was substantially outweighed by the dramatic prejudicial effect of

7

accusations regarding Johnson's involvement in unrelated violent crimes. Under Rule 403, therefore, the admission of the full, unredacted recording and transcription of Johnson's interrogation was erroneous. See Fed. R. Evid. 403 (relevant evidence may be excluded if probative value substantially outweighed by danger of unfair prejudice).

The government insists that, even assuming the district court committed an error by admitting this evidence, any error was harmless. Under harmless-error analysis, we will not reverse if we can "say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Kotteakos v. United States, 328 U.S. 750, 765 (1946). We recognize that the Government has a strong case against Johnson and the question of whether the errors made at trial were harmless is for us a very close one. Despite the strength of the prosecution's case, however, we cannot say this inflammatory evidence did not sway the jury in this case. The government argues that because the jury deliberated for only 38 minutes, it could not have viewed the video of the defendant's two-hour interrogation. It is true that the jury could not have viewed the entire two-hour DVD during its deliberations, but this fact does not alleviate our concerns. Indeed, we cannot conclude with any assurance that the jury did not view the

8

portion of the DVD containing the irrelevant and highly prejudicial series of questions about Johnson's involvement in a gang-related homicide.[3]   The Government in essence asks us to presume the jury did not look at any of the prejudicial portions of the interview on the DVD.  This we cannot do.

IV.

Johnson also contends that there were numerous defects in the jury instructions issued by the district court.  At trial, Johnson agreed to the government's proposed jury charges. Despite telling the attorneys that it would give these proposed instructions, however, the court later surprised counsel by using different, and greatly abbreviated, instructions.  Johnson argues these instructions contained numerous errors and vital omissions.  We agree with Johnson that the court's instructions contained numerous errors, some of which were prejudicial and provide an additional basis for reversal.

For example, the jury instructions were erroneous with respect to both the substantive Hobbs Act robbery counts and the Hobbs Act conspiracy counts.  To sustain a conviction under the

---

[3] We note that the district court did not give a limiting instruction to minimize any prejudice flowing from this evidence.  See United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) ("In cases where the trial judge has given a limiting instruction on the use of Rule 404(b) [evidence], the fear that the jury may improperly use the evidence subsides.").

Hobbs Act, the government must show "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear . . . ; and (3) that the coercion occurred in such a way as to affect . . . interstate commerce." United States v. Buffey, 899 F.2d 1402, 1403 (4th Cir. 1990) (internal quotation marks omitted); see 18 U.S.C. § 1951. Thus, "[a] Hobbs Act violation requires proof" that "the underlying robbery" had "an effect on interstate commerce." United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir. 2014) (emphasis added). The district court, however, incorrectly instructed the jury that the government was obligated to establish that "the defendant, either alone or acting with others, knowingly and deliberately committed a robbery that affected interstate commerce, and the effect of interstate commerce is that the person or place that was robbed in some way has some connection to something moving between one state and another." J.A. 314. And, with respect to the counts charging that Johnson was part of a conspiracy to commit Hobbs Act robberies, the district court failed to give an instruction that included the elements of conspiracy, particularly the requirement that Johnson knew about, and voluntarily became a part of, the conspiracy. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc).

10

Likewise, the district court's charge omitted an instruction on the proper use of a confession. "[W]hether requested or not, the trial court should instruct the jury specifically upon the law governing the use of a confession and a failure to do so is clear error." United States v. Sauls, 520 F.2d 568, 570 (4th Cir. 1975) (internal quotation marks omitted).

Beyond these examples, the district court's instructions were at times confusing, garbled or incomplete. For instance, in instructing the jury regarding Johnson's alleged violations of 18 U.S.C. 924(c), the district court conflated the language of the statute. Section 924(c) "criminalizes the use or carrying of a firearm during and in relation to either a crime of violence or a drug trafficking crime," United States v. Nelson, 484 F.3d 257, 260 (4th Cir. 2007), or the possession of a firearm "in furtherance of" such a crime, United States v. Pineda, 770 F.3d 313, 321 (4th Cir. 2014). The court, however, instructed that the government had to prove that Johnson "committed a crime of violence" and that "during and in relationship to the commission of that crime, the defendant . . . knowingly used or carried a firearm in furtherance of the commission of that crime." J.A. 314-15. Also, the jury charge did not include standard instructions such as an instruction that the jury should not infer from the district judge's

11

extensive questioning of witnesses or comments to counsel that the judge believed the defendant was guilty or an instruction regarding the testimony of alleged accomplices and witnesses that had given inconsistent statements.

We agree with Johnson that the jury instructions contained prejudicial errors warranting reversal. Rather than address each individual assignment of error by Johnson, we leave it to the district court on remand to redraft its instructions with more precision if Johnson is retried.[4]

V.

In sum, we affirm the denial of Johnson's motion to withdraw his guilty plea to Count 10. However, in light of the foregoing errors, we reverse Johnson's convictions on the remaining counts and remand for further proceedings.

AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

---

[4] We note that Johnson challenges the sufficiency of the evidence to establish Johnson's identity as the perpetrator of the charged crimes. Unlike the government, we conclude that Johnson preserved this issue via his Rule 29 motion for judgment of acquittal. See United States v. Jackson, 124 F.3d 607, 611 n.2 (4th Cir. 1997) (explaining that appellant preserved sufficiency-of-the-evidence challenge through a Rule 29 Motion for Judgment of Acquittal that was general in nature). Thus, we review this claim de novo, not for plain error. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). That said, we agree with the government that the circumstantial evidence of Johnson's identity was sufficient to permit a reasonable jury to find beyond a reasonable doubt that Johnson participated in the robberies. Accordingly, retrial is permissible. See Lockhart v. Nelson, 488 U.S. 33, 34 (1988).

12